IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| POONEH HENDI GLASCOCK, ) | |
| ) | No. C10-66 EJM |
| Plaintiff, ) | |
| ) | ORDER |
| v. ) | |
| ) | |
| LINN COUNTY EMERGENCY MEDICINE, PC,) | |
| ) | |
| Defendant. ) | |

This matter is before the court on defendant's resisted Motion for Summary Judgment, filed July 15, 2011. Briefing concluded on August 22, 2011. Granted.

Plaintiff Glascock initially brought this action seeking damages and equitable relief against defendant Linn County Emergency Medicine (LCEM) in the Iowa District Court for Linn County on March 31, 2010, in the following counts: Count 1 – Pregnancy Discrimination in violation of IC §216; Count 2 – Pregnancy Discrimination in violation of 42 USC §2000e et seq.; Count 3 – Sex Discrimination in violation of IC §216; Count 4 - Sex Discrimination in violation of 42 USC §2000e et seq.; Count 5 – Discrimination Based on National Origin in violation of IC §216; and Count 6 – Discrimination Based on National Origin in violation of 42 USC §2000e et seq.

Defendant removed the matter to this court on April 28, 2010, pursuant to 28 USC §§1441 and 1446. The court has jurisdiction pursuant to 28 USC §§1331 and 1367.

LCEM, an Iowa professional corporation, has an agreement with nonparty Mercy Medical Center (Mercy) in Cedar Rapids, Iowa, to provide physicians to patients at Mercy's Emergency Department. Plaintiff, a physician, alleges that on August 15, 2007, she was employed by LCEM to treat patients at Mercy's Emergency Department, and was to be offered an ownership position in LCEM following one year of satisfactory performance of professional service, if approved by a majority of LCEM's owners. Plaintiff was not offered an ownership position at the end of the first year, but was offered a six month extension of the probationary period. Plaintiff alleges that on January 27, 2009, she was advised her employment would be terminated within ninety days. She alleges that during her employment with LCEM, she was the subject of sex discrimination, pregnancy discrimination, and discrimination based upon national origin, and seeks relief as set forth in Counts 1-6 of her Petition.

Defendant seeks summary judgment, asserting that neither Title VII of the Civil Rights Act of 1964 (Title VII), 42 USC §2000e et seq., nor the Iowa Civil Rights Act (ICRA), IC §216, provide protections to independent contractors. Defendant asserts that it is a corporation consisting of physician shareholders providing medical services as independent contractors, that plaintiff was an independent contractor rather than an employee of LCEM, and therefore her claims are not cognizable under Title VII or the ICRA. Additionally, defendant asserts that Title VII and the ICRA require entities to have a minimum number of employees as a condition of applicability of the Acts, and that LECM does not have the requisite number of

2

employees to be subject to either Act. Finally, defendant asserts that plaintiff cannot make out discrimination claims as set forth in her Petition. Accordingly, defendant asserts it is entitled to summary judgment.

> Fed. R. Civ. P. 56(c) provides that summary judgment shall be entered if the "pleadings, depositions, answers to interrogatories, and admissions on file together with the affidavits, if any, show that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." In deciding whether to grant a motion for summary judgment, the district court must view the evidence in favor of the party opposing the motion and give him the benefit of all reasonable inferences. Kegal v. Runnels, 793 F2d 924, 926 (8th Cir. 1986). However, parties opposing a summary judgment motion may not rest merely upon the allegations in their pleadings. Buford v. Tremayne, 747 F2d 445, 447 (8th Cir. 1984). The opposing parties must resist the motion by setting forth specific facts showing that there is a genuine issue of material fact for trial. Id., (citing Fed. R. Civ. P. 56(e) and Burst v. Adolph Coors Co., 650 F2d 930, 932 (8th Cir. 1981)).

Green v. St. Louis Housing Authority, 911 F2d 65, 68 (8th Cir. 1990).

Neither the provisions of Title VII, nor the ICRA, apply to independent contractors. Schwieger v. Farm Bureau Ins. Co. of Nebraska, 207 F3d 480, 483 (8th Cir. 2000)(Title VII); Wortham v. American Family Insurance Group, 385 F3d 1139, 1141 (8th Cir. 2004)(Title VII and ICRA). Whether a person is an employee or an independent contractor is a function of the totality of the employment relationship, applying principles of agency law. Nationwide Mutual Ins. Co. v. Darden, 503 US 318, 323-24 (1992); Wojewski v. Rapid City Regional Hospital, Inc., 450 F3d 338, 342-43 (8th Cir. 2006). "A primary consideration is the hiring party's right to control the manner and means by which a task is accomplished." Schwieger, supra, 207

F3d at 484 (citations omitted). The Darden Court identified twelve other factors to be considered:

> Among the other factors relevant to this inquiry are the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

Darden, 503 US at 323-324 (citation omitted).

Beginning with the matter of control over the manner and means by which the task is accomplished, LCEM tracked and counseled plaintiff's work as to productivity and patient complaints, and provided periodic evaluation, including identification of a number of areas requiring improvement before plaintiff could be offered partnership. Nevertheless, upon this record it is the court's view that there exists no disputed issue of material fact, and that plaintiff exercised substantive control over the manner and means by which she provided health care to her patients.

Turning to the twelve nonexhaustive Darden factors, plaintiff's skill as an emergency medicine physician weighs heavily in favor of independent contractor status. As to the source of instrumentalities and tools, LCEM owned no supplies or equipment used by plaintiff, but rather they were provided by the Mercy Medical Center Emergency Department (though perhaps upon a contractual arrangement with LCEM). This factor is either in equipoise, or weighs in favor of independent contractor status. As to the location of work, plaintiff worked almost entirely at the

4

hospital, and was not subject to physical supervision in the performance of her daily tasks. This factor weighs in favor of independent contractor status. As to the duration of the relationship between the parties, it appears the parties arranged a term relationship that was accompanied by the expected opportunity to achieve shareholder status, if the parties so agreed at the conclusion of the term period. This factor appears to be either in equipoise, or weighs in favor of independent contractor status. As to the right to assign additional projects, the essence of the work was to provide medical services to patients. While LCEM assigned shifts, the shifts were flexible – plaintiff could block out her schedule in advance, and as to assigned shifts, upon plaintiff's arrangement with other physicians, shifts could be reassigned or transferred to other physicians without LCEM approval or oversight. Notwithstanding plaintiff's assertion that she was criticized for seeking flexibility in shifts, and advised that if she wanted to be offered an ownership position, she should work more shifts, this factor weighs in favor of independent contractor status. Similarly, considering the extent of plaintiff's discretion over when and how long to work, plaintiff had substantial discretion over when to work, though when assigned, shifts would be of a predetermined length. Again, notwithstanding plaintiff's assertion as to receiving criticism when exercising this discretion, and that the criticism caused her to be disinclined to exercise her discretion, this factor weighs in favor of independent contractor status. Turning to the method of payment, plaintiff was paid strictly by hours worked, and this factor weighs in favor of employee status. As to plaintiff's role in hiring and paying assistants, these matters were functions of

the hospital, and/or LCEM's contracting elsewhere for the provision of mid-level providers. This factor is in equipoise. As to whether the work is part of regular business of LCEM, and whether LCEM is in business – both weigh in favor of finding plaintiff to be an employee, as LCEM is a business, and plaintiff's provision of medical services is central to the operation of the business. As to the provision of employee benefits, with the exception of professional liability insurance, there were no employee benefits. This factor weighs in favor of independent contractor status. As to the final <u>Darden</u> factor, tax treatment, plaintiff was fully responsible for federal and state tax withholding, as well as social security deductions. This factor weighs in favor of independent contractor status.

In addition to the factors identified in <u>Darden</u> and noted above, the court is also to weigh the "economic realities" of the relationship between plaintiff and defendant, including factors such as how the work relationship may be terminated, and whether the worker receives annual leave. <u>Schwieger, supra</u>, 207 F3d at 484 (citations omitted).

While the "economic realities" of the parties' relationship are substantially incorporated above, the court notes that the lack of any leave or vacation policy, the presence of contractual provisions reserving plaintiff's right to provide medical services to other companies, and the contract being terminable upon a ninety day notice by either party, weigh in favor of independent contractor status. Likewise, it is undisputed that the contract between the parties expressly provided that plaintiff was

an independent contractor, weighing in favor of finding independent contractor status.

The question of whether workers are employees or independent contractors is a question of law that may be resolved by summary judgment, provided there is not a genuine issue of material fact. Wortham v. American Family Ins. Group, supra, 385 F3d 1139, 1141 (8th Cir. 2004)(citation omitted). When the foregoing considerations are viewed in light of the applicable standards, the court concludes that there exists no disputed issue of material fact, and that the working relationship between plaintiff and defendant constituted an independent contractor relationship. As independent contractor status is not protected under Title VII or the ICRA, defendant is entitled to summary judgment.

Due to the court's disposition of this matter, defendant's remaining grounds for summary judgment need not be considered.

It is therefore

ORDERED

Granted.

January 9, 2012.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT